**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kristen Garcia, | No. CV-25-04666-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Jonathan Rose, | |
| Defendants. | |

The Court now considers Defendant Jonathan Rose's Motion to Dismiss and Motion to Strike (Doc. 5) and Plaintiff Kristen Garcia's Motion to Dismiss (Doc. 13).  The Court denies Rose's Motions and grants Kristen's Motion.

## I.    BACKGROUND

Garcia was enrolled in a master's program at Arizona State University ("ASU"). (Doc. 1-1 at 5.)  This case arises out of an alleged romantic relationship between Garcia and her professor Erin Jordan.  (*Id.* at 11.)  Garcia originally sued: Jordan; other ASU faculty; the Arizona Board of Regents ("ABOR"); and Jordan's then-partner, Rose. However, only Rose remains pursuant to a stipulated dismissal.  (Doc. 19).

A complete recitation of the Complaint is unnecessary given that Rose is the only remaining Defendant.  In short, Garcia took a class taught by Jordan and the pair began to flirt after the semester ended.  (Doc. 1-1 at 7.)  During this time Garcia bought Jordan several lavish gifts.  (*Id.*)  However, Jordan's behavior shifted and she texted Garcia "I'm sorry, it's not you," and indicated that she would not accept any more gifts.  (*Id.* at 8.)

Shortly thereafter, Garcia filed a Title IX complaint against Jordan for sexual harassment and retaliation with ASU's Title IX Coordinator. (*Id.* at 9.)

Thereafter, Jordan filed a complaint with ASU against Garcia. (*Id.* at 10.) ASU informed Garcia "that she was potentially in violation of ABOR's Student Code of Conduct for 'stalking' and sending 'unwanted gifts' to Jordan." (*Id.* at 10.) ASU also sent Garcia a copy of its investigative report and summary of the evidence. (*Id.* at 11.)

As relevant here, the evidence included a letter from Rose that he wrote to Jordan. (*Id.*) In that letter, Jordan: "call[ed] Garcia a 'clearly infatuated and mentally disturbed individual'"; "insinuate[ed] [that] Garcia was a 'stalker'"; "call[ed] Garcia's behavior 'grotesquely inappropriate'"; alleg[ed] [that] Garcia 'threatened' and 'harassed' Jordan"; ; and "insinuate[ed] that when Garcia was in Arizona, she demanded and/or attempted to spend time with Jordan against her will." (*Id.* at 11–12.) Rose and Garcia never met. (*Id.* at 12.) Plaintiff thereafter sued Rose for defamation and false light invasion of privacy. (*Id.* at 17–19.)

## II.     LEGAL STANDARD

To survive a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This notice exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a

cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility . . . .'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pleaded factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). A court ordinarily may not consider evidence outside the pleadings when ruling on a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

## III. DISCUSSION

The Court begins with Rose's Motion. The Court notes that Rose's Motion rests within a single filing that includes Rose's: Answer; a Motion to Dismiss; a Motion to Strike; and Counterclaims. (*See generally* Doc. 5.) The Court begins with the Motion to Dismiss.

### A. Rose's Motion to Dismiss

Rose seeks to dismiss the Complaint pursuant to Arizona's Anti-SLAPP statute, A.R.S. § 12-751. (Doc. 5 at 13.) Rose's Motion is scant and suffers from multiple defects.

"The Ninth Circuit employs a two-step process to evaluate anti-SLAPP motions." *Avid Telecom LLC v. Frankel*, No. CV-22-00558-TUC-JCH, 2023 WL 5056949, at *2 (D.

Ariz. May 26, 2023). "First, the court determines whether the actions at issue involve an exercise of protected rights." *Id.* "Second, the court analyzes whether the anti-SLAPP motion raises a legal or a factual challenge." *Id.* Defendant Jones' Motion raises a legal challenge. (Doc. 22 at 9.) "When the anti-SLAPP motion challenges the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated." *Frankel*, 2023 WL 5056949, at *2 (citation modified).

"To establish defamation under Arizona common law, a publication must be false and must bring the defamed person into disrepute, contempt, or ridicule, or must impeach plaintiff's honesty, integrity, virtue, or reputation." *Rogers v. Mroz*, 502 P.3d 986, 988 (Ariz. 2022) (citation modified). "To establish a claim for false light invasion of privacy, a plaintiff must show (1) the defendant, with knowledge of falsity or reckless disregard for the truth, gave publicity to information placing the plaintiff in a false light, and (2) the false light in which the plaintiff was placed would be highly offensive to a reasonable person in the plaintiff's position." *Desert Palm Surgical Grp., P.L.C. v. Petta*, 343 P.3d 438, 450 (Ariz. Ct. App. 2015).

The Court now turns to Rose's Motion; the Motion is two pages. The Court need not reach the substance of Garcia's defamation claim. To start, Rose has not demonstrated that his letter is "an exercise of protected rights." *Frankel*, 2023 WL 5056949, at *2. Arizona's Anti-SLAPP statute protects the "lawful exercise of [rights] . . . pursuant to the United States Constitution or Arizona Constitution." § 12-751(A). Rose contends that he "exercised his First Amendment right to free speech and his right to petition by submitting testimony to ASU's Title IX/OURR proceeding." (Doc. 5 at 13.) According to Rose: "This constitutes speech in connection with an official proceeding and on a matter of public concern." (*Id.*) Rose does not cite any authority establishing that his letter filed in an ASU Title X proceeding constitutes an official proceeding on a matter of public concern.

Even assuming Rose's speech was protected, he still "has the burden of establishing prima facie proof that the legal action was substantially motivated by a desire to deter,

retaliate against or prevent the lawful exercise of a constitutional right." § 12-751(B). "The moving person may submit evidence based on the record, a sworn affidavit or other evidence that is submitted with the motion to dismiss or quash." *Id.* Plaintiff does not point to any such evidence. Instead, Rose only contends that "Plaintiff's lawsuit is transparently motivated by a desire to punish Mr. Rose for participating in the Title IX/OURR proceeding and to chill similar protected speech. This is precisely the type of retaliatory lawsuit the Anti-SLAPP statute was designed to prevent." (Doc. 5 at 13–14.) Rose does not point to any evidence corroborating this assertion. Accordingly, Rose's Motion fails to sufficiently implicate Arizona's Anti-SLAPP statute.

Rose also contends that Garcia's claim is time barred because his "letter was published November 1, 2024. Plaintiff filed suit November 11, 2025—ten days after the one-year limitations period expired under A.R.S. § 12-541(1)." (Doc. 5 at 14.) Rose's argument fails for multiple reasons. First, the Court is not required to accept as true Rose's claim that his letter was published on November 1; indeed, Rose does not direct this court to any evidence corroborating this assertion. Even if Rose did, it is not clear that Garcia's cause of action necessarily began to accrue on that date. "The discovery rule holds that when defamatory statements are published in a manner in which they were peculiarly likely to be concealed from the plaintiff, the cause of action accrues when the plaintiff discovers the statements or reasonably should have discovered them." *Breeser v. Menta Grp., Inc., NFP*, 934 F. Supp. 2d 1150, 1161 (D. Ariz. 2013), *aff'd sub nom. Breeser v. Menta Grp., Inc.*, 622 F. App'x 649 (9th Cir. 2015) (citation modified). Here, the Complaint alleges that Rose's letter was submitted as part of an ostensibly private proceeding initiated by Jordan. Garcia was only made aware of the letter on November 14. (Doc. 1-1 at 11.) It appears that Garcia would not have had any way to learn of the letter or its contents before that point. Accordingly, the Court finds that Plaintiff's claims are not time-barred.

Rose also argues that his statements "are absolutely privileged as communications in a quasi-judicial proceeding." (Doc. 5 at 14.) Rose does not cite any authority corroborating this assertion. As a practical matter, the Court is not convinced that his

statements—which were not made under oath—are shielded from a defamation challenge merely because they were entered into evidence during an ASU internal proceeding. Again, Rose cites no authority to the contrary.

Rose also argues that Garcia's claims must be dismissed because his statements "are substantially true and supported by extensive documentary evidence" or are otherwise "protected opinions." (Doc. 5 at 14.) Rose does not materially expound upon these assertions. Nonetheless, the Court is unable to reach these conclusions as a matter of law. Rose is alleged to have accused Garcia of criminal conduct such as harassment and stalking. (Doc. 1-1 at 11–12.) At this juncture, construed in Garcia's favor, these statements "may be reasonably interpreted as factual assertions, not simply statements of opinion." *See Breeser*, 934 F. Supp. 2d at 1162. The Court is also poorly situated to evaluate the truth of Rose's statements at this stage of the proceedings

The Court thus denies Jordan's Motion to Dismiss. The Court notes that the Motion does not mention Garcia's false light claim. The Court acknowledges that Rose made certain conclusory assertions challenging this claim in his Answer, but such arguments did not appear in the Motion to Dismiss portion of Garcia's filing.

**B. Rose's Motion to Strike**

The Court next considers Rose's Motion to Strike. Rose moves for the Court to strike paragraph 82 of the Complaint. (Doc. 5 at 15.) Paragraph 82 references Rose's letter, stating: "Upon information and belief [Rose] repeated such statements and/or innuendos to multiple third parties throughout 2024 and 2025." (Doc. 1-1 at 12.) Rose contends that such statement should be stricken pursuant to Arizona Rule of Civil Procedure 12(f) because the "allegation is impermissibly vague and conclusory" as it "fails to identify: (1) any specific third party to whom statements were allegedly made; (2) any specific date on which such statements were allegedly made; (3) any specific statement that was allegedly repeated; or (4) any factual basis for the '*information and belief*' upon which this allegation rests." (Doc. 5 at 15.)

Although Rose originally filed this Motion in state court, the Court analyzes his

- 6 -

Motion under the Federal Rules of Civil Procedure. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Court may do so on its own, or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). Rose's Motion is thus untimely because he filed it with his Answer.

Nonetheless, the Motion lacks merit. At a general level, motions to strike "are disfavored and infrequently granted." *Complete Distribution Servs., Inc. v. All States Transp., LLC*, No. 3:13-CV-00800-SI, 2015 WL 1393281, at *3 (D. Or. Mar. 25, 2015) (citation modified). The Court recognizes that the statement is relatively conclusory, however, the Court finds that this not a sufficient basis upon which to strike it.

The Court thus denies Rose's Motion to Strike.

**C. Garcia's Motion to Dismiss**

Finally, the Court considers Garcia's uncontested Motion to Dismiss. Garcia seeks to dismiss Rose's abuse of process counter claim. "The two essential elements of the abuse of process tort include (1) a willful act in the use of judicial process (2) for an ulterior purpose not proper in the regular conduct of the proceeding." *Houston v. Ariz. State Bd. of Educ.*, No. CV-10-8160-PHX-GMS, 2012 WL 466474, at *7 (D. Ariz. Feb. 14, 2012), *aff'd*, 579 F. App'x 591 (9th Cir. 2014) (citation modified).

Rose argues that Garcia "committed willful acts in filing this lawsuit against Mr. Rose despite: (a) having been advised of multiple absolute defenses; (b) knowing the claims were time-barred; and (c) having no good faith basis to believe Mr. Rose made any false statement." (Doc. 5 at 17.) Rose contends that Garcia "acted for ulterior purposes not proper in the regular conduct of litigation, including punishing protected speech, intimidating witnesses, harassing Dr. Jordan through her partner, and imposing costs on Mr. Rose." (*Id.*)

The Court disagrees. As found, many of Rose's "absolute defenses" are meritless

and Rose failed to demonstrate that Garcia's claims were time-barred.  Additionally, the Court is not obligated to accept Rose's bare assertions that Garcia acted with malicious intent in filing this case.

The Court thus grants Garcia's Motion to Dismiss and dismisses Rose's counterclaim for abuse of process without prejudice.

**IV.   CONCLUSION**

Accordingly,

**IT IS ORDERED denying** Jonathan Rose's Motion to Dismiss and Motion to Strike (Doc. 5)

**IT IS FURTHER ORDERED granting** Plaintiff Kristen Garcia's Motion to Dismiss (Doc. 13).  Rose's counterclaim is dismissed without prejudice.  Rose may file an amended counterclaim within thirty (30) days of the date of this Order.

Dated this 24th day of June, 2026.

Honorable Susan M. Brnovich
United States District Judge